```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
NATIONWIDE GENERAL INSURANCE COMPANY,                Docket No.:
as subrogee of SALIL SETHI AND KHUSHPREET
KAUR and as subrogee of JING CHEN AND BO ZHU,
                                                                        **COMPLAINT**
                        Plaintiff,
                                                                        JURY TRIAL DEMANDED
        -against-

RAEL MAINTENANCE CORP.,

                        Defendant.
------------------------------------------------------------------------X
```

Plaintiff, Nationwide General Insurance Company as subrogee of Salil Sethi and Khushpreet Kaur and as subrogee of Jing Chen and Bo Zhu, by and through their attorneys, Cozen O'Connor, P.C., hereby complain of Defendant Rael Maintenance Corp., and upon information and belief, allege as follows:

## THE PARTIES

1. Plaintiff, Nationwide General Insurance Company ("Nationwide") is an insurance company organized and existing under the laws of the State of Ohio, with a principal place of business located at One Nationwide Plaza, Columbus, OH, which, at all times relevant hereto, was duly authorized to engage in the business of providing insurance in the State of New York.

2. At all times material hereto, Plaintiff Nationwide was in the business of providing property and casualty insurance, and insured certain property owned by its insureds, Salil Sethi and Khushpreet Kaur and Jing Chen and Bo Zhu (hereinafter "Sethi and Kaur" and "Chen and Zhu" or collectively as "Plaintiff's insureds") located at 25 Park Row Apartment #22C and #19B, New York, New York 10038-2335.

3. Defendant, Rael Maintenance Corp.. (hereinafter "Rael"), was and is a domestic business corporation company organized and existing under the laws of the State of New York, with a principal place of business located at 1750 Plaza Avenue, New Hyde Park, New York 11040-4946.

4. At all times material hereto, Defendant, Rael was and is engaged in, inter alia, in the business of providing fire protection services to customers, specifically, installation, maintenance, operation and/or testing of fire protection and sprinkler systems at residential buildings.

## JURISDICTION AND VENUE

5. Jurisdiction is based on 28 U.S.C. §1332(a)(l) as this action involves a controversy between citizens of different states and countries. Moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

6. Venue is proper in this district based on 28 U.S.C. §1391 as the events giving rise to Plaintiff's claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

7. Plaintiff hereby incorporates by reference each and every allegation set forth above and below as fully as if recited herein as length.

8. At all times hereinafter mentioned, Sethi and Kaur were the owners of Apartment 22C of the building located at 25 Park Row Apartment #22C, New York, New York 10038.

9. At all times hereinafter mentioned, Jing Chen and Bo Zhu were the owners of Apartment 19B of the building located at 25 Park Row Apartment #19B, New York, New York 10038.

10. At all times material hereto, the Plaintiff's insureds' premises was insured by Nationwide pursuant to respective policies which were in effect.

LEGAL\63155475\1

11. At all times material hereto, the subject policy insured the subject premises, including the personal property located therein, against loss due to physical damage caused by, *inter alia*, water damage.

12. Prior to July 29, 2022, at all times mentioned hereto, Defendant Rael installed, maintained, operated and/or tested the fire protection and sprinkler system located at the Building located at 25 Park Row, New York 10038-2335 (hereinafter "Subject Building").

13. On or about July 29, 2022, Defendant Rael improperly maintained, operated and/or tested the fire pump and sprinkler components parts at the Subject Building causing large amounts of water to overflow throughout and damage the Plaintiff's Insureds' apartment.

14. As a result of the foregoing water damage, and pursuant to its obligations under its respective policies of insurance, Plaintiff Nationwide has paid its insureds and others on their behalf, an amount in excess of Five Hundred Thousand Dollars ($500,000.00) for the damages and losses sustained and is therefore, entitled to recover the same amount in this action pursuant to its legal and equitable rights of subrogation.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT NEGLIGENCE

15. Plaintiff incorporates by reference the allegations of the preceding paragraphs, as fully as though set forth herein.

16. The water deluge and resulting damage was the direct and proximate result of the negligence, carelessness and/or negligent omissions of Defendant Rael in, *inter alia*:

   (a) Failing to adequately and properly maintain, operate and/or test the fire protection and/or sprinkler system at the subject building;

   (b) Failing to hire train and supervise competent contractors, agents, subcontractors, employees and representatives to maintain, operate and/or test the fire protection and/or sprinkler system at the subject building;

(c) Creating a dangerous condition which Defendant knew, or should have known, would create an unreasonable risk of harm to Plaintiff's insureds' premises;

(d) Failing to conduct the maintenance, operation and/or testing of the the fire protection and/or sprinkler system at the subject building in a safe, proper, secure thereby creating an unreasonable risk of harm to the property of Plaintiff's insureds, which Defendant knew or should have known created an unreasonable risk of harm to the subject premises;

(e) Failing and omitting to do and perform those things which were necessary in order to preserve the Plaintiff's insureds' property and render the subject premises safe;

(f) Failing to comply with applicable laws, statutes, codes, standards, regulation, ordinances and/or industry customs related to the work performed at the Subject Building; and

(g) Otherwise failing to exercise the necessary care and skill under the circumstances.

17. As a direct and proximate result of the aforesaid acts of carelessness, recklessness, and/or negligent acts and/or omissions of Defendant, its respective representatives, agents, servants, workmen, subcontractors and/or employees, Plaintiff's insureds sustained severe and extensive damage to their real and personal property, for which the fair and reasonable value of repair, replacement and reimbursement exceeds Five Hundred Thousand Dollars ($500,000.00).

**WHEREFORE**, Plaintiff Nationwide General Insurance Company as subrogee of Salil Sethi and Khushpreet Kaur and as subrogee of Jing Chen and Bo Zhu demands judgment in its favor and against Defendant Rael Maintenance Corp., in an amount in excess of Five Hundred Thousand Dollars ($500,000.00), together with pre-judgment and post-judgment interest, attorney's fees, the cost of this suit and such other relief as this Court deems just and proper.

LEGAL\63155475\1

Dated: New York, New York
      May 24, 2023

                                    COZEN O'CONNOR
                                    Attorneys for Plaintiff

                                    _____
                                    Robert W. Phelan, Esquire
                                    3WTC, 175 Greenwich Street, 55th Floor
                                    New York, NY 10007
                                    (212) 908-1274
                                    rphelan@cozen.com